LINCOLN GRAIN COMPANY, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL., APPELLANTS.

FILED APRIL 8, 1912. No. 16,972.

1. Carriers: DIVERSION OF SHIPMENT: ATTACHMENT: LIABILITY. If a carrier accepts property upon agreement to transport it to a certain destination, and diverts the shipment to a different point in another state where the property is attached upon an alleged claim against the shipper, and the shipper thereby loses the property, the carrier is liable therefor as for conversion.

2. ———: ———: ———: JUDGMENT. In such case where the foreign attachment is purely *in rem*, and no service is had upon, or appearance made by, the shipper, the finding and judgment is

binding upon the property only, and not an adjudication of the personal liability of the shipper to the attaching plaintiff.

3. ——: ——: ——: SET-OFF. It appearing from the evidence in this case that this plaintiff was not in fact indebted to the attaching creditor, the measure of damages is the value of the property at the point of shipment, and the carrier is not entitled to offset the amount realized by the attaching creditor on his alleged claim.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*J. E. Kelby, A. R. Wells, E. C. Strode* and *M. V. Beghtol,* for appellants.

*John M. Stewart, contra.*

SEDGWICK, J.

This plaintiff delivered to the defendant, the Chicago, Burlington & Quincy Railroad Company, at Palmyra, Nebraska, a car-load of corn, to be transported, as provided in the original bill of lading, to Louisville, Kentucky. Afterwards, at the request of the plaintiff, the bill of lading was amended by the said railroad company so as to require the corn to be transported to Nashville, Tennessee. The railroad company disregarded this change in the bill of lading and delivered the corn to St. Louis to the defendant, the Illinois Central Railroad Company, and by that company it was transported to Louisville, Kentucky, where it was attached at the suit of A. C. Schuff & Company against this plaintiff. It was agreed that the attachment proceedings were regular and that the corn was sold thereunder. This action was brought against both railroad companies to recover the value of the corn, and upon trial in the district court for Lancaster county the plaintiff recovered a judgment as prayed, and the defendants have appealed.

1. The defendants contended that there was no conversion of the corn, because the car of corn had arrived at

St. Louis and had left the hands of the Burlington Company before the original bill of lading was amended by its agent and the new shipping directions indorsed thereon. Without determining whether this would be a defense for either of the defendant companies, it is sufficient to say that we do not find the evidence in the record supporting this position, and the presumption must be that the corn was delivered by the Burlington company after the bill of lading was amended by its agent, and therefore contrary to the contract of shipment. If the corn had been shipped as agreed in the amended bill of lading, it would not have been seized as it was, and in such case it seems the defendant is liable as for a conversion. *Western & A. R. Co. v. Ohio Valley Banking & Trust Co.*, 107 Ga. 512; *Cleveland, C., C. & St. L. R. Co. v. Schaefer*, 90 N. E. (Ind. App.) 502.

2. The defendants contend that the plaintiff is bound by the Kentucky judgment, and that therefore the amount which the sale of the corn paid upon the liability of the plaintiff to Schuff & Company should have been deducted from the damages allowed the plaintiff in this action. The proceedings in Kentucky were purely *in rem*. This plaintiff was not personally served and made no appearance therein. That court therefore had jurisdiction of the property, but not of this plaintiff. The plaintiff is therefore not bound by the finding of the Kentucky court that an indebtedness existed against it in favor of the plaintiff in the attachment proceedings; and it is stipulated in this action that the president and bookkeeper of the plaintiff company "will testify that such claim is absolutely without any foundation and that the Lincoln Grain Company never did owe A. C. Schuff & Company anything upon the alleged cause of action." There was no evidence offered that any such indebtedness in fact existed. The plaintiff therefore was entitled to recover the value of the corn at the place of shipment. The defendant companies each asks in its answer and in the brief that the court determine which of the two defendant companies is liable. The trial

court did not determine this question, but rendered a judgment against both defendants. The point is not argued in the brief, and we do not find sufficient evidence in the record to enable us to determine it.

The judgment of the district court is

AFFIRMED.